UNITED STATES DISTRCT COURT
NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

| | |
|---|---|
| CHANNEL (H), INC., <br><br> *Plaintiff*, <br><br> v. <br><br> CQUENTIA SERIES, LLC; <br> HTG SERIES, a series declared by <br> CQUENTIA SERIES, LLC; and <br> D. ALAN MEEKER, <br><br> *Defendants*. | Case No.: 4:17-cv-00916-O |

## **MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Channel (H), Inc. ("Channel (H)" or "Plaintiff"), by and through its undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 65, for entry of a preliminary injunctive relief to stop Defendants' theft of its revolutionary software platform and trade secret process for pre-certifying patient approvals for medical tests that they blatantly in violation of multiple licensing agreements and non-disclosure and non-circumvention agreements.

For the reasons set forth in the Verified Complaint, accompanying Memorandum of Law, Declaration of Plaintiff's CEO, Robert Capelli, dated November 16, 2017, and the Declaration of Brett Lewis dated November 17, 2017, Plaintiff respectfully requests that the Court enjoin Defendants CQuentia Series, LLC, HTG Series, a series declared by CQuentia, Series, and D. Alan Meeker, along with each officer, agent, servant, employee, shareholder, and member of Defendants; inclusive of each person acting for, by, through or under Defendants; and each person in active concert or participation with Defendants and having actual notice of this Oder by personal service or otherwise from:

(a) using, offering to use, altering, deleting, modifying, duplicating, licensing, selling, renting, assigning, copying, transferring, making available, making derivative works of, dissembling, reverse compiling, reverse engineering, disclosing or permitting access to Channel (H)'s (i) Copyrighted Software; (ii) a cloud-based platform, which includes a uni- and bi-directional interface with Customers' electronic medical records (the "Pipe"); (iii) data modules and Integration Dashboard; (iv) a Schedule Report Feed ("SRF") Application Programing Interface ("API"); or (v) the specifications and process for a Real-time, General Medical Benefit Eligibility Information," and "Electronic Prior Authorization Transactions for Diagnostic Services" (collectively, the "Platform"); including but not limited to Defendants' "Preauthorization Software Solution" for any purpose until further order of this Court;

(b) using, offering to use, altering, deleting, modifying, copying, disclosing or permitting access to any other information gained from Channel (H) in connection with or the performance of any of their prior agreements or dealings with Channel (H), or any other information provided by Channel (H) or information derived from such information ("Confidential Information"), until further order of this Court;

(c) representing in commerce that it (i) owns or (ii) has the right to disclose, access or offer for access for commercial purposes Channel (H)'s Platform or Confidential Information or Defendants' "Preauthorization Software Solution," or any derivative thereof;

(d) using Channel (H)'s Platform or Confidential Information to build, develop, author or create any Work, product, or service that replicates, performs the same functions as, or attempts to compete with Channel (H)'s Platform, without further order of the Court.

As set forth in the Verified Complaint, Channel (H) has made a prima facie case of misappropriation of Channel (H)'s confidential trade secrets – Defendants copied and replicated

Channel (H)'s proprietary software and medical testing pre-certification process after having been granted access to the same under a non-disclosure agreement as a part of an investment transaction. Moreover, Defendants breached the explicit terms of multiple provisions in at least four agreements by, *inter alia*, exceeding the scope of the licenses granted by Channel (H) and using Channel (H)'s confidential trade secrets to "build a product or service that replicates or attempts to compete with" Channel (H)'s proprietary software and process.

The facts also establish that Plaintiff will suffer irreparable injury if this Court does not act with urgency. The theft of a valuable trade secret by a competitor under the facts of this case constitutes irreparable harm. If Defendants are not enjoined immediately from their misappropriation scheme, it may be too late to reverse the damage done to Plaintiff. Indeed, Defendants willfully breached multiple non-disclosure, non-circumvention and license terms, and have informed Plaintiff not to get in their way, in so many words, or there will be retribution. Defendants have no regard for contracts, intellectual property rights, or trade secrets – Plaintiff's only hope of preventing irreparable injury is if this Court issues a preliminary order restraining Defendants against their wrongful theft of Plaintiff's trade secrets.

Dated: November 17, 2017

Respectfully submitted,

THE APGAR FIRM, PLLC

<u>Of Counsel</u>:
Brett E. Lewis
(*pro hac vice* forthcoming)
Justin Mercer
(*pro hac vice* forthcoming)
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, New York 11201
Tel. (718) 243-9323
brett@ilawco.com
justin@ilawco.com

<u>By</u>: */s/ Margaret Horton Apgar*
MARGARET HORTON APGAR
State Bar No. 24036805
1914 Skillman Street, Suite 110-150
Dallas, Texas 75206
(214) 707-2791 (Phone)
(214) 279-6050 (Fax)
  margaret@apgarfirm.com

  *Attorneys for Plaintiff*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiff attempted to confer with counsel for Defendants on November 14, 15, and 16 as to the substance of this motion. Specifically, Counsel for Plaintiff sent three emails between November 14 and 15 to Rafael C. Rodriguez, counsel for Defendants in the parallel matter before this Court, Case No. 4:17-cv-00919-A. On November 15, 2017, Mr. Rodriguez scheduled a call with the undersigned for the afternoon of November 16th. During that telephone call on November 16, 2017, Mr. Rodriguez stated, for the first time, that he was not yet retained by Defendants *in this matter*, and therefore he could not provide Defendants' response to same. However, on the November 16th call, the undersigned discussed with Mr. Rodriguez the substance of this motion and he did not indicate that the Defendants would consent to the requested injunction. Give the above, and under the emergency circumstances in which Plaintiff brings this motion, counsel for Plaintiff posits that it was not possible to further confer directly with Defendants represented by counsel.

*/s/ Margaret Horton Apgar*
Margaret Horton Apgar

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record and constitute service on such counsel and their represented parties pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.1(d). I hereby certify that on November 17, 2017, I served the following attorneys via email:

Rafael C. Rodriguez (rrodriguez@winstead.com)
Jeff Gilmore (jgilmore@winstead.com)
Winstead, PC
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102

ATTORNEYS FOR DEFENDANTS in Case No. 4:17-cv-00919-A

I further certify that on November 17, 2017, I served the Defendants via first class mail:

D. Alan Meeker
HTG Series, c/o CQuentia Series, LLC
4770 Bryant Irvin Court, Suite 300
Fort Worth, TX 76107

*/s/ Margaret Horton Apgar*
Margaret Horton Apgar