UNITED STATES DISTRCT COURT
NORTHERN DISTRICT OF TEXAS
FORTH WORTH DIVISION

CHANNEL (H), INC.,

*Plaintiff*,

v.

CQUENTIA SERIES, LLC;
HTG SERIES, a series declared by
CQUENTIA SERIES, LLC; and
D. ALAN MEEKER,

*Defendants*.

Case No.: 4:17-cv-00916-O

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REPLY AND APPENDIX, AND DEFENDANTS' MOTION TO STRIKE [DOC. 25]

**TO THE HONORABLE REED O'CONNOR, UNITED STATES DISTRICT JUDGE:**

Plaintiff Channel (H), Inc. ("Channel H"), hereby Objects to Defendants' Objections to Plaintiff's Reply and Appendix ("Objections"), and Defendants' CQuentia Series, LLC ("CQ"), HTG Series ("HTG") and Alan Meeker (collectively, "Defendants") Motion to Strike ("Motion to Strike"), filed on Wednesday, December 27, 2017 [Doc. 25].

1.  On November 17, 2017, **Channel H** filed its Motion for Preliminary Injunction [Doc. 7] and Memorandum and Brief in Support of Plaintiff's Motion for Preliminary Injunction [Doc. 8] (collectively, the "**PI Motion**").

2.  On December 12, 2017, Defendants filed their Response to Channel (H)'s Motion for Preliminary Injunction and Brief in Support [Doc. 11] (the "**Response**"). The Response asserted a number of misleading, contradictory, and demonstrably false factual arguments, and misstated the applicable law governing misappropriation of trade secret claims, under both

Federal and Delaware law.  The Response also attached an Appendix in Support of Defendants'
Response to Plaintiff's Motion for Preliminary Injunction and Brief in Support [Doc. 12] (the
"Response Appendix").

3.      After considering Defendants' Response, the Court entered an order, which noted
that: "Defendants argue, among other things, that Plaintiff failed to sufficiently prove that
Defendants misappropriated its technology because their technology is not fully automated and
because Plaintiff has admitted it has no personal knowledge of the manner in which Defendants'
technology operates."  The Court required Plaintiff to file a Reply by no later than Friday,
December 22, 2017 [Doc. 15] (the "**Order**"), ostensibly to address Defendants' arguments.

4.      On December 22, 2017, Channel (H) filed its Reply (the "**Reply**") [Doc. No. 16]
and supporting Appendix (the "**Appendix**"). [Doc. 17].  The Reply and Appendix (collectively,
"Reply Papers") directly address Defendants' arguments that Plaintiff: (1) "failed to sufficiently
prove that Defendants misappropriated its technology because their technology is not fully
automated," and (2) "has admitted it has no personal knowledge of the manner in which
Defendants' technology operates," among other arguments.

5.      On December 27, 2017, Defendants filed the Objections and Motion to Strike, in
which Defendants assert a number of evidentiary objections to the Supplemental Declaration of
Robert Capelli and the Exhibits attached thereto.  Defendants do not cite any legal authority to
support their contention that the above documents should be stricken or excluded by the Court on
a motion for a preliminary injunction.

6.      On December 27, 2017, Defendants also filed a Motion for Leave to File Sur-
Reply in Support of Defendants' Response to Plaintiff's Motion for Preliminary Injunction [Doc.

26], and Defendants' Sur-Reply [Doc. 26-1] (collectively, the "Sur-Reply").  Defendants filed an Appendix in Support of Defendants' Sur-Reply [Doc. 26-2] (the "Sur-Reply Appendix"), which contains new Declarations and documentary evidence of the same nature and type, to which they object in their Objections and Motion to Strike.

## **ARGUMENT**

Under governing Fifth Circuit precedent, the evidentiary standards on a motion for a preliminary injunction are relaxed, and evidence that would inadmissible at trial, including hearsay, may be submitted in support of a preliminary injunction motion. *Sierra Club, Lone Star Chapter, et al. v. Federal Deposit Insurance Corporation*, 992 F.2d 545, 551 (5th Cir. 1993) ("at the preliminary injunction stage, the procedures in the district court are less formal, and the district court may rely on otherwise inadmissible evidence, including hearsay evidence.").  In *Sierra Club,* the Fifth Circuit held: "the district court can accept evidence in the form of deposition transcripts and affidavits." *Id.* (citing *Federal Savings and Loan Ins. Corp v. Dixon*, 835 F.2d 554, 558-59 (5th Cir. 1987)). *See also University of Texas et al. v. Camenisch*, 451 U.S. 390, 395 (1981) ("a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing.").   The Fifth Circuit in *Federal Savings and Loan Ins. Corp* further found that, "[a]n additional reason for some leniency in the preliminary injunction stage is that it is used when quick action is necessary to prevent irreparable harm." *Federal Savings and Loan Ins. Corp*, 835 F.2d at 558.

Notwithstanding the above, Defendants assert a number of evidentiary objections, seeking to exclude evidence on a preliminary injunction on the basis of hearsay and other technical reasons.  These objections run counter to the law in this Circuit, and are contrary to the

policy underlying that law. *See Federal Savings and Loan Ins. Corp*, 835 F.2d at 558 (quoting 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2949 at 471) ("the trial court should be allowed to give even inadmissible evidence some weight when it is thought advisable to do so in order to serve the primary purpose of preventing irreparable harm before a trial can be held...."). The Fifth Circuit in *Asseo v. Pan American Grain Co.*, 805 F. 2d 23 (5th Cir. 1986) explained:

> Affidavits and other hearsay materials are often received in preliminary injunction proceedings. *The dispositive question is not their classification as hearsay but whether, weighing all the attendant factors, including the need for expedition, this type of evidence was appropriate given the character and objectives of the injunctive proceeding.*

*Asseo*, 805 F. 2d at 26 (emphasis added).  Accordingly, there is no basis to exclude the Supplemental Cappelli Declaration *because it is hearsay*, or references exhibits that contain hearsay.

Similarly, the policy behind allowing relaxed evidentiary standards on a motion for preliminary injunction militates against granting Defendants' remaining Objections and Motion to Strike. *See* [Doc. 25] (arguing that the Supplemental Capelli Declaration is "not supported by sufficient background facts," "purport[s] to contain expert opinions," "offer[s] legal opinions," or "offer[s] lay opinions").  Although Plaintiff disputes these objections on the merits – e.g., the Supplemental Cappelli Declaration *is* supported by background facts; there is nothing improper about a lay witness offering an opinion; Plaintiff did not seek to qualify Robert Capelli as an expert witness – the dispositive question is not their classification, but "whether, weighing all the attendant factors, including the need for expedition, this type of evidence was appropriate given the character and objectives of the injunctive proceeding." *Asseo,* 805 F. 2d at 26.  At this early stage of the proceedings, and given the need for urgency, the evidence submitted by Plaintiff is appropriate given the character of a preliminary injunctive proceeding.

Defendant does not object to the contents of Plaintiff's exhibits, but rather claims that they were not authenticated. *See* [Doc. 25] at 4.  All of the exhibits attached to the Supplemental Declaration and Plaintiff's Supplemental Appendix *are* authenticated. Even if they were not formally "authenticated," Defendant also filed documentary exhibits, which have not been authenticated.  Defendants provide no reason for the Court to conclude that the documents in Plaintiff's Supplemental Appendix are not genuine, and has not claimed that they are inauthentic.

Nor is there any factual basis for Defendants' *ad hominin* claim that Plaintiffs sought to circumvent the agreed-upon page limit for the Reply.  Both parties have filed Declarations, which are clearly anticipated by the Local Rules, *see* Local R. 7.1(i)(1), and are routinely filed in support of preliminary injunction motions.  Were the pages in a declaration counted against the applicable page limits for legal briefs, both parties would have exceeded those limits.  Plaintiff also represents to the Court that Plaintiff did not excise material from its Reply and include it in the supplemental declaration in order to circumvent page limit restrictions.  Plaintiff cut fifteen pages worth of material from its draft reply brief, in an effort to adhere to the ten-page limit – those pages were *cut*.

Moreover, each paragraph in the Supplemental Cappelli Declaration responds to an argument made by Defendants in their Response or Response Appendix, based on Robert Cappelli's personal knowledge or a review of business documents.  There is no way to submit Plaintiff's factual response to the Response papers in evidentiary form on a motion for preliminary injunction, and to address the points raised in the Court's Order, without submitting a Declaration.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that the Court deny Defendants' request for an order sustaining the Objections to the Reply and Appendix, or otherwise strike or not consider portions of the Reply and Appendix.

Dated: December 29, 2017

Respectfully submitted,

By: /s/ *Brett E. Lewis*
Brett E. Lewis
(*pro hac vice*)
Justin Mercer
(*pro hac vice forthcoming*)
Lewis & Lin, LLC
45 Main Street, Suite 608
Brooklyn, New York 11201
Tel. (718) 243-9323
brett@ilawco.com
justin@ilawco.com

Of Counsel:

THE APGAR FIRM, PLLC

MARGARET HORTON APGAR
State Bar No. 24036805
1914 Skillman Street, Suite 110-150
Dallas, Texas 75206
(214) 707-2791 (Phone)
(214) 279-6050 (Fax)
margaret@apgarfirm.com

*Attorneys for Plaintiff*


## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record and constitute service on such counsel and their represented parties pursuant to Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.1(d).

*/s/ Brett E. Lewis*
Brett E. Lewis